| | |
|---|---|
| Russell Brown<br>CHAPTER 13 TRUSTEE<br>Suite 800<br>3838 North Central Avenue<br>Phoenix, Arizona 85012-1965<br>602.277.8996<br>Fax 602.253.8346 | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>ROBERT L REYNOLDS,<br><br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 0-12-bk-17232 EPB<br><br>**TRUSTEE'S SUPPLEMENTAL RECOMMENDATION**<br><br>(11/18/2013) |

**The Debtor is acting *pro se* (without an attorney) and is presumed to know bankruptcy laws and rules of bankruptcy procedure. Glass v. Hitt, 60 F.3d 565 (9th Cir. 1995). Therefore, the Trustee presumes that the Debtor is capable of timely resolving issues which may arise in the case, including creditor objections and any stated in this Recommendation.**

The Trustee has reviewed the Debtor's documentation and information provided in response the Trustee's Recommendation on First Amended Plan. Trustee notes the following problems, which must be resolved before recommending confirmation of the Amended Plan:

(1) The Trustee recommends that the Debtor retain legal counsel to assist with the requirements below. Debtor must take affirmative action to resolve all items listed below, otherwise the Trustee will lodge a dismissal order with the Court.

(2) Debtor provided the Trustee with a Second Amended Plan. The Second Amended Plan was not filed with the Court and therefore creditors did not receive notice of the Second Amended

Plan. The Second Amended Plan provided to the Trustee should not be filed with the Court as the Second Amended Plan was not completed correctly, and requires many revisions. The Trustee will attempt to outline the remaining issues in this case based on the Second Amended Plan (not filed with the Court), and the documentation and information received from the Debtor.

(3) Pursuant to Item #4 of the Trustee's Recommendation on First Amended Plan, any post-petiton payments must be paid directly to GMAC Mortgage by the debtor for the current ongoing mortgage. The mortgage creditor has filed a Motion for Relief from the Automatic Stay. Debtor's response to the Motion indicates there is no default and adequate protection is provided by the current plan payments. An amended plan must be filed with the Court to correctly provide for the current ongoing mortgage payment to be paid directly to the creditor by the Debtor and not through the plan payments made to the Trustee.

(4) The following claims issues must be resolved:

(a) U.S. Bank/Specialized Loan filed a secured proof of claim with the Court. See Claim #9. The Chapter 13 Plans filed by the Debtor did not provide for how the secured creditor is to be treated. The creditor did not file an objection to the plan. However, the creditor did file a proof of claim with the Court asserting a secured claim.

(b) Capital One (for a 2008 Polaris) filed a secured proof of claim with the Court. See Claim #8. Debtor indicates the collateral was surrendered to Briana Reynolds in a child support enforcement action.

(c) Internal Revenue Services filed a priority proof of claim with the Court for tax years 2010 and 2011 in the amount of $3,720.88. See Claim #3. Debtor indicates that he had made alternative arrangements with the IRS. Priority claims must be paid in full during the life of the plan.

- 2 -

The Debtor must resolve the claims issues before the Trustee recommends confirmation of the Plan. The Trustee requires that: (a) the Debtor file an amended Plan with the Court to provide for payment in part or full on the above-mentioned claims, and/or (b) the Debtor file objections to proofs of claim with the Court and obtain a separate Court order on the treatment of the claims.

(5) Schedule I indicates Debtor's net monthly income is $5,364.07. Schedule J indicates a monthly mortgage payment of $1,600.00, other living expenses total $2,438.00, for total monthly expenses of $4,038.00. Based on the filed Schedules, Debtor should be making the monthly mortgage payment directly to the mortgage creditor **and** making a plan payment in the amount of $1,326.07 (the scheduled monthly net income) to the Trustee. Debtor must immediately begin making the ongoing post-petition monthly mortgage payments directly to GMAC Mortgage **and** immediately begin making a monthly plan payment in the amount of the monthly net income available of $1,326.07.

(6) Form B22C indicates a family size of 3 yet Schedule I indicates Debtor is married and no dependents are listed. In addition, Form B22C including the deduction of transportation ownership expense which is not allowed when a vehicle is owned free and clear therefore Lines 28 and 29 should be $0.00 and fails to indicate the future payments to the first mortgage creditor on Line 47a but instead takes the standard mortgage expense on Line 25B. The Trustee requires a written statement from the Debtor indicating whether his non-filing spouse is employed therefore contributes to the household income. The Trustee is unable to determine whether the requirements of Form B22C have been met until this information is received.

(7) Other requirements:

- 3 -

(a) The debtors is required to provide the Trustee with a copy of the 2012 - 2014 federal and state income tax returns, including all attachments, forms, schedules and statements, within thirty days of filing them with the taxing agencies.

(b) The debtor must remit all plan payments on or before the monthly due date. When plan payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan. Any funding shortfall must be cured before a discharge is entered, regardless of plan payment suspensions, waivers or moratoriums.

(c) The Trustee shall receive such percentage fee of plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. § 586(e), but not to exceed 10%.

**SUMMARY:** Pursuant to Local Rule 2084-10, **by November 18, 2013**, Debtor is to provide the Trustee with all documents and information requested above, resolve all of the above issues, or the Trustee will lodge a dismissal order. **The Court may dismiss the case without further notice for the Debtor's failure to timely comply with the Trustee's Recommendation**

Copy mailed or emailed to:

Debtor(s) Mailer:
ROBERT L REYNOLDS
1826 MARTINIQUE DR
LAKE HAVASU CITY, AZ 86406

_____

*vfrost@ch13bk.com*

- 4 -