SIPPEL LAW FIRM PLLC
707 East Beale Street
Kingman, AZ 86401
928-753-2889
Fax 928-718-5877
email sippelstaff@frontier.com

Mark A. Sippel   Bar ID 005506
*Attorneys for* Debtor

# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA, YUMA DIVISION

ROBERT REYNOLDS
1826 MARTINIQUE DR
LAKE HAVASU CITY AZ  86406

*Debtors*

In Proceedings Under Chapter 13

No. **0:12-BK-17232 EPB**

SECOND AMENDED CHAPTER 13 PLAN

**GENERAL TERMS THAT APPLY:**

This Plan may affect creditor rights. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors.  This plan does not allow claims or affect the timeliness of any claim. To receive payment on your claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. The applicable deadlines to file a proof of claim were specified in the Notice of Commencement of Case.  Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

**A.   PLAN PAYMENTS / PROPERTY SUBMITTED TO THE PLAN**

1.   Plan payments start on ___August 16, 2012___  Debtor(s) shall pay the Trustee as The proposed plan duration is ___60___ months. The applicable commitment period is ___60___ months. Section 1325(b)(4).

| | | |
|---|---|---|
| Months 1 | $238.32 | |
| Months 2 - 16 | $240.00 | Subtotal to Nov 2013 = $3,838.32 |
| Months 17 - 60 | $565.00 | Subtotal to Plan end = $24,860.00 |

Total paid into plan = $28,246.91

2.   In addition to the plan payments, Debtor will submit the following property to the Trustee:  Income tax refunds to the Trustee for tax years which end within the Plan duration; all

Page 1

such tax refunds shall be applied as Supplemental Payments.

**B.     Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

**C.     Treatment of Administrative Expenses, Post Petition Mortgage Payments and Claims.** Except for adequate protection payments under (C)(1), Post Petition Mortgage Payments under (C)(4), or as otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided below in Section (J) VARYING PROVISIONS, disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

1.     *Adequate protection payments.* Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make pre-confirmation adequate protection payments to the certain secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of pre-confirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a secured creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|
| none | | |

___ See Section J, Varying Provisions

2.     **Administrative Expenses Section 507 (a)(2) -**

a.     Attorney fees. Debtor's attorney received $ _500.00_____ before filing. The balance of $ _3,000.00_____ or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

b.     Other Administrative Expenses- none AND SPECIFICALLY NONE TO DOCUMENT PREPARER SANDY COFFMAN.

_xx_ See Section J, Varying Provisions

3.     **Leases and Unexpired Executory Contracts.** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

a. Assumed:

Creditor                                    Property                           Monthly.Pay

b. Rejected: NONE

___ See Section J, Varying Provisions

4. **Claims Secured <u>Solely</u> by Security Interest in Real Property.**

A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices, and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless stated below, Debtor is to pay post-petition payments direct to the creditor and prepetition arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage or debt unless otherwise stated. The arrearage amount is to be adjusted to the amount in the creditor's allowed proof of claim. Except as provided in Local Bankruptcy Rule 2084-23, if a creditor gets unconditional stay relief the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's allowed proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mortgage Payments | Estimated Arrearage | Arrearage Through Date |
|---|---|---|---|---|
| Greentree | $175,000 | 1409. | 524. | 8/6/2012 |
| Specialized Loan Svc | zero – no equity Adversary action to be filed to have lien removed and paid as unsecured creditor pro rata on plan completion | | | |

__xx__ See Section J, Varying Provisions

5. **Claims Secured by Personal Property or a Combination of Real and Personal Property.** Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown as the Amount to be Paid on Secured Claim, with such amount included in the Plan payments. However, if the creditor's proof of claim amount is less than the Amount to be Paid on Secured Claim, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the debtor may delete the proposed payment of a secured claim in the order confirming plan.

Page 3

| Creditor/Servicing Agent & Property Description | Debt Amount | Collateral Value & Valuation Method | Amount Paid on Secured Claim | Interest |
|---|---|---|---|---|
| none | | | | |

___ See Section J, Varying Provisions

**6.** *Priority, Unsecured Claims.* All allowed claims entitled to priority treatment under § 507 shall be paid in full pro rata.

**IRS PER PROOF OF CLAIM # 3 TO BE PAID $3,720.88**

___ See Section J, Varying Provisions

**7.** *Codebtor Claims.* The following codebtor unmodified creditors shall be paid directly by the Debtor for the purpose indicated, in the amount listed, and at the interval stated.

| Creditor | Payment Amount | Frequency/Duration |
|---|---|---|
| NONE | | |

___ See Section J, Varying Provisions

**8.** *Nonpriority, Unsecured Claims.* Allowed unsecured nonpriority claims shall be paid pro rata the balance of payments under the Plan.

___ See Section J, Varying Provisions

**D.   Lien Retention.** Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first. Federal tax liens shall continue to attach to property excluded from the bankruptcy estate under 11 U.S.C. § 541(c)(2) until the Internal Revenue Service is required to release the liens in accordance with non bankruptcy law.

___ See Section (J), Varying Provisions.

**E.   Surrendered Property.** Debtor surrenders the following property to the secured creditor. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any secured claim filed by such creditor shall receive **no** distribution until the creditor files an allowed unsecured claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. *Should the creditor fail to file an amended unsecured claim consistent with this provision, the Trustee need not make any distributions to that creditor.*

| Creditor | Property Being Surrendered |
|---|---|
| Capital One NA, c/o Bass & Assoc. | 2007 Polaris, see Claim #8 and Stm Affairs explanation |
| 3936 E. Ft Lowell Rd, Tucson AZ 85712 | |

F.  **Attorney Application for Payment of Attorney Fees.**

Attorney Application for Payment of Attorney Fees. Counsel for the Debtor has received a pre petition retainer of $ _500.00_ , to be applied against fees and costs incurred. Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense. Counsel will be paid as selected in paragraph (1) or (2) below:

   1.    **Flat Fee.** Counsel for the Debtor has agreed to a total sum of $_____ to represent the Debtor. Counsel has agreed to perform the following services through confirmation of the plan:

\_\_\_\_    All of the below, except Additional Services.

\_\_\_\_    Review of financial documents and information.

_____    Consultation, planning, and advice, including office visits and telephone communications.

\_\_\_\_    Preparation of Petition, Schedules, Statement of Financial Affairs, Master Mailing List.

_____    Preparation and filing of Chapter 13 Plan, Plan Analysis, and any necessary amendments.

\_\_\_\_    Attendance at the § 341 meeting of creditors.

\_\_\_\_    Resolution of creditor objections and Trustee recommendations, and attendance at hearings.

\_\_\_\_    Reviewing and analyzing creditor claims for potential objections, and attendance at hearings.

\_\_\_\_    Responding to motions to dismiss, and attendance at hearings.

\_\_\_\_    Responding to motions for relief from the automatic stay, and attendance at hearings.

\_\_\_\_    Drafting and mailing of any necessary correspondence.

\_\_\_\_    Preparation of proposed order confirming the plan.

\_\_\_\_    Representation in any adversary proceedings.

\_\_\_\_    Representation regarding the prefiling credit briefing and post-filing education course.

Additional Services. Counsel for the Debtor has agreed to charge a flat fee for the following additional services provided to the Debtor after confirmation of the plan:

\_\_\_\_    Preparation and filing of Modified Plan $_____.

\_\_\_\_    Preparation and filing of motion for moratorium $_____.

\_\_\_\_    Responding to motion to dismiss, and attendance at hearings $_____.

_____    Defending motion for relief from the automatic stay or adversary proceeding $_____.

Page 5

____ Preparation and filing of any motion to sell property $_____.

____ Other: _____

____ All other additional services will be billed at the rate of $_____ per hour for attorney time and $_____ per hour for paralegal time. Counsel will file and notice a separate fee application detailing the additional fees and costs requested. Counsel will include all time expended in the case in the separate fee application.

_____ See Section (J), Varying Provisions

**2.     Hourly Fees.** For hourly fees to be paid as an administrative expense, counsel must file and notice a separate fee application detailing the additional fees and costs requested. The application must include all time expended in the case. Counsel has agreed to represent the Debtor for all services related to the Chapter 13 bankruptcy to be billed at the rate of $_275.00____ per hour for attorney time and $__90.00__ per hour for paralegal time.

__XX___ See Section (J), Varying Provisions

**G.     Vesting.** Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: __NONE__

_____ See Section (J), Varying Provisions

**H.     Tax Returns.** While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the original chapter 7 petition date.

_____ See Section (J), Varying Provisions

**I.     Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

**J.     Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form; Sections A through H:

    1.     Admin Expense - ATTORNEY'S FEES
    2.     Admin Expense - Coffmann not paid at all.
    3.     Admin Expense - Trustee – Trustee get the % allocated per the Plan payments, plus in addition, the % times the $19,231.00 mistakenly paid to Trustee by Debtor, but then paid to Greentree
    4.     Lien Removal of Second on Homestead - Adversary to commence; upon plan completion, lien removed.

Page 6

Case 0:12-bk-17232-EPB    Doc 73    Filed 02/13/14    Entered 02/13/14 15:17:04    Desc
Main Document    Page 6 of 10

K. **Plan Summary.** If there is a discrepancy between paragraphs (A) - (J) and paragraphs (K) - (M), then the provisions of paragraphs (A) - (J) and the confirmed plan control.

| Title / Subject | Amount |
|---|---|
| (1) Trustee's compensation (max 10% of plan payments) | |
| (2) Ongoing post petition mortgage payments $1,409.00 direct | |
| (3) Administrative expenses and claims: | $3,000.00 |
| (4) Priority claims | $3,720.88 |
| (5) Pre petition mortgage or lease arrears cure defaults + interest | $524.00 |
| (6) Secured Personal Property Claims including interest | $0.00 |
| (7) Amount to unsecured non priority claims | $17,030.00 |
| **Total plan payments** | $24,274.88 |

L. **Section 1325 Analysis.**

| | |
|---|---|
| (1) *Best Interest of Creditors Test:* | |
| (a) Value of debtor's interest in nonexempt property | 0 |
| (b) Plus: Value of property recoverable under avoiding powers | 0 |
| (c) Less: Estimated Chapter 7 administrative expenses | 60 |
| (d) Less: Amount payable to unsecured, priority creditors | 3720 |
| (e) **Equals:** Estimated amount payable to unsecured, nonpriority claims if debtor filed Chapter 7 | 0 |

| | |
|---|---|
| **Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.** | |
| (2) *Section 1325(b) Analysis:* | |
| (a) Monthly disposable income under § 1325(b)(2), Form B22C, Statement of Current Monthly Income. | |
| (b) Applicable commitment period       60 months | |
| (c) Section 1325(b)(2) monthly disposable income amount multiplied by 60 $283.83 x 60 = | 17,029.80 |

| | |
|---|---|
| M.     Estimated Payment to Unsecured, Nonpriority Creditors Under Plan | 17,030.00 |

Page 7

### N. OBJECTION TO PLAN.

Any objections by a creditor to the Plan must be in writing and filed with the Bankruptcy Court no later than the date specified in the notice. A copy of the objection must be served upon the Trustee and Debtor's counsel. If the Debtor is not represented by an attorney, then a copy must also be served upon the Debtor. If no objection is timely filed, then the creditor is deemed to have accepted treatment of its claim under the Plan.

_____  
DEBTOR

_____  
DEBTOR ROBERT REYNOLDS

SUBMITTED this date: 2/12/14

/S/ MARK A. SIPPEL, AZ BAR NO. 005506  
MARK A. SIPPEL  
Attorneys for Debtor

Page 8

## SPREADHEET OF PAYMENTS AND MONIES TO ALLOCATE TO GREENTREE

ROBERT REYNOLDS 12-BK-17232 EPB PAYMENTS TO TRUSTEE

| RC VD DATE | CHECK # | AMOUNT | Payment due | Monies to Greentree |
|---|---|---|---|---|
| 11/4/2013 | 386 | $1,700.00 | $240.00 | $1,460.00 |
| 10/3/2013 | 371 | $1,700.00 | $240.00 | $1,460.00 |
| 9/3/2013 | 359 | $1,700.00 | $240.00 | $1,460.00 |
| 8/2/2013 | 336 | $1,700.00 | $240.00 | $1,460.00 |
| 7/1/2013 | 327 | $1,800.00 | $240.00 | $1,560.00 |
| 6/3/2013 | 309 | $1,800.00 | $240.00 | $1,560.00 |
| 5/3/2013 | 293 | $1,800.00 | $240.00 | $1,560.00 |
| 4/3/2013 | 277 | $1,800.00 | $240.00 | $1,560.00 |
| 3/4/2013 | 455 | $1,800.00 | $240.00 | $1,560.00 |
| 2/4/2013 | 254 | $1,851.00 | $240.00 | $1,611.00 |
| 1/4/2013 | 241 | $1,700.00 | $240.00 | $1,460.00 |
| 12/3/2012 | 226 | $1,650.00 | $240.00 | $1,410.00 |
| 11/5/2012 | 311 | $1,350.00 | $240.00 | $1,110.00 |
| 10/3/2012 | 8641 | $240.00 | $240.00 | $0.00 |
| 9/4/2012 | 8526 | $240.00 | $240.00 | $0.00 |
| 8/16/2012 | 8457 | $238.32 | $238.32 | $0.00 |
| Monies held by Trustee | | | $3,838.32 | $19,231.00 |

Balance Owed Greentree per Exhbit B                      -18471.95

Sum Left with Trustee after allocating payments from Aug -12 to Nov 13           $759.05

Future Payment Schedule

| | |
|---|---|
| Dec-13 | $370.00 |
| Jan-14 | $370.00 |
| Feb-14 | $370.00 |
| Mar-14 | $370.00 |
| Apr-14 | $370.00 |
| May-14 | $370.00 |
| Jun-14 | $370.00 |
| Jul-14 | $370.00 |
| Aug-14 | $370.00 |
| Sep-14 | $370.00 |
| Oct-14 | $370.00 |
| Nov-14 | $370.00 |
| Dec-14 | $370.00 |
| Jan-15 | $370.00 |
| Feb-15 | $370.00 |
| Mar-15 | $370.00 |
| Apr-15 | $370.00 |
| May-15 | $370.00 |

*Exhibit A to 2d Amended Plan*

| | |
|---|---|
| Jun-15 | $370.00 |
| Jul-15 | $370.00 |
| Aug-15 | $370.00 |
| Sep-15 | $370.00 |
| Oct-15 | $370.00 |
| Nov-15 | $370.00 |
| Dec-15 | $370.00 |
| Jan-16 | $370.00 |
| Feb-16 | $370.00 |
| Mar-16 | $370.00 |
| Apr-16 | $370.00 |
| May-16 | $370.00 |
| Jun-16 | $370.00 |
| Jul-16 | $370.00 |
| Aug-16 | $370.00 |
| Sep-16 | $370.00 |
| Oct-16 | $370.00 |
| Nov-16 | $370.00 |
| Dec-16 | $370.00 |
| Jan-17 | $370.00 |
| Feb-17 | $370.00 |
| Mar-17 | $370.00 |
| Apr-17 | $370.00 |
| May-17 | $370.00 |
| Jun-17 | $370.00 |
| Jul-17 | $370.00 |
| Aug-17 | $370.00 |

| | | |
|---|---|---|
| Sub Total from Dec -13 to 7 - 17 | $16,650.00 | |
| Sub total from above | $3,838.32 | |
| **Total paid to Trustee** | **$20,488.32** | |
| Ttee fees for plan | -$2,048.83 | |
| Ttee fees for Extra Monies paid | -$1,923.10 | -$3,971.93 |
| Sub total paid | $16,516.39 | |
| less other claims paid | $7,244.91 | |
| Dividend to Unsecured Creditors | $9,271.48 | |